# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA MONTES, | Case No.: 2:18-cv-00719-JAD-VCF |
| Plaintiff(s), | **Order** |
| v. | |
| ANAYA ENTERPRISES, | |
| Defendant(s). | |

Pending before the Court is attorney James Tucker's oral motion for an exception to the attendance requirements for the early neutral evaluation. The Court granted that motion through a minute order, indicating that this written order would follow. Docket No. 17.

The early neutral evaluation attendance requirements are crystal clear. With respect to attorneys, personal appearance is required for "[a]ll counsel of record who will be participating in the trial." Docket No. 6 at 1. The Court's order is also crystal clear with respect to the method by which to request an exception to that requirement:

> **Any request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order. . . . All trial counsel, individual parties, a fully-authorized representative, and a fully-authorized insurance representative shall appear in person unless the court enters an order granting a request for exception.**

Docket No. 6 at 2 (emphasis in original).[1]

---

[1] While the order requires the filing of this request within 14 days, a later request can be filed upon a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

1

In this case, the Court set the early neutral evaluation for a date that the parties and their counsel (including Mr. Tucker) specifically sought. Docket Nos. 9, 10. Mr. Tucker did not file a request to be relieved of his obligation to appear. Instead, without a filing on the docket and without notice to opposing counsel, Mr. Tucker included in his early neutral evaluation brief a statement advising the Court that he would not be attending due to other business and that another attorney would be attending the early neutral evaluation in his place who had never appeared in the case.[2] In essence, Mr. Tucker granted himself relief from the Court's order. He did so despite a clear order explaining how to seek such relief and expressly indicating that attendance was required absent an order indicating otherwise. Such conduct is not acceptable.

As noted above, the Court has granted Mr. Tucker's procedurally improper request despite the above concerns. The Court has done so as a one-time courtesy only, and will not grant similar relief in the future. **Mr. Tucker is expected to strictly comply with all court orders in the future.**

IT IS SO ORDERED.

Dated: July 16, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] On the eve of the early neutral evaluation, a notice of appearance was made by this other attorney. *See* Docket No. 16. That filing did not rectify the problems with the course of conduct chosen by Mr. Tucker as, most obviously, Mr. Tucker remains counsel of record and has represented to the Court that he is trial counsel. *See* Hearing Rec. (7/13/2018).